UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH LEONARD,

        Plaintiff,

    -against-

No. 11 CV 7616 (PKC)
ECF CASE

MIDLAND FUNDING, LLC and
PRESSLER & PRESSLER, LLP

        Defendants.
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF ELIZABETH LEONARD'S MOTION TO REALIGN THE PARTIES

Dated: January 26, 2012

LINCOLN SQUARE LEGAL SERVICES, INC.
33 West 60th Street, 3rd Floor
New York, New York 10023
Tel: (212) 636-7353

*Attorneys for Elizabeth Leonard*

Elizabeth Maresca
Marcella Silverman
*Supervising Attorneys*

Joshua Rosenthal
Armel Jacobs
*Legal Interns*

## PRELIMINARY STATEMENT

Elizabeth Leonard respectfully moves this Court to recognize the November 29, 2010 Order in in *Midland Funding LLC v. Leonard*, Index No. CV-021999-09/NY (Civil Ct. N.Y. County) (the "State Court Action") as a realignment of the parties which rendered Ms. Leonard the plaintiff and Midland the defendant. That Order (the "State Court Order"), which dismissed Midland's Complaint with prejudice, made Ms. Leonard's counterclaims the only remaining dispute between those two parties, effectively realigning them. This motion allows this Court to recognize that posture.

The State Court's realignment of the parties is necessary to this Court's subject matter jurisdiction because Midland removed this action based upon a federal question raised in Ms. Leonard's counterclaims. As discussed below, a federal question must be present on the face of a *complaint* to confer subject matter jurisdiction, and a plaintiff is not permitted to remove to federal court.

## ARGUMENT

I.   The State Court's Order Realigned the Parties

The State Court Order, which dismissed Midland's complaint also severed Ms. Leonard's counterclaims such that, as of the date of the Order, should be treated as if contained in a complaint. The State Court's severance of the counterclaim effectively made Ms. Leonard the plaintiff and Midland the defendant. A state court may order the separation of claims and counterclaims. *See* NY CPLR § 3019. Further, claims contained in a counterclaim shall be treated, as far as practicable, as if they were contained in a complaint. *See id.*

While a federal question in a counterclaim cannot confer subject matter jurisdiction in a removed case, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941), courts

have allowed removal where the state court previously realigned the parties. *See, e.g., Stewart v. Bureaus Investment Group #1*, No. 3:10-CV-1019, 2011 U.S. Dist. LEXIS 62360, at *15-16 (M.D. Ala. June 10, 2011) (finding that a state court order of realignment can allow a former plaintiff, now defendant, to remove a case to federal court based upon a pleading that was originally filed as a counter-complaint.). In *Stewart*, the District Court denied a motion to remand finding that a realigned defendant is a true defendant for the purposes of removal. *Id.* at 15-16, *accord Hrivnak v. NCO Portfolio Management, Inc.*, 723 F. Supp. 2d 1020, 1023 (N.D. Ohio 2010) (involving counterclaims arising from FDCPA claims).

II.  <u>This Court May Realign the Parties According to Their Real Interests</u>

Even absent a State Court Order realigning the parties, federal courts "may realign the parties according to their real interests . . . before deciding whether a true 'defendant' is seeking removal to federal court." 14C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 3730 (West 4th ed.). It is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute." *See Stewart*, 2011 U.S. Dist. LEXIS 62360, at *10 (citing *Indianapolis v. Chase National Bank*, 314 U.S. 63, 70 (1941)).

III. <u>This Court Lacks Subject Matter Jurisdiction Without Realignment</u>

Without recognizing the State Court's severance of Midland's Complaint as a realignment of the parties or realigning the parties according to their real interests, Midland remains plaintiff and counterclaim defendant and cannot remove the action to this Court. Federal Law limits the ability to remove to defendants only. *See* 28 U.S.C. §§ 1441(a), 1446(a); *see, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (holding that Congress intended to limit removal to defendants and that a suit in which a counterclaim is filed

3

is not removable by a plaintiff); *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); *Coditron Corp. v. AFA Protective Systems, Inc,* 392 F. Supp. 158, 161 (S.D.N.Y. 1975) (holding that counterclaim-defendants "are not defendants within the meaning of the general removal statute and may not remove the action or the counterclaim even though the counterclaim would be removable if sued upon alone.").

## CONCLUSION

Accordingly, this Court should order that the State Court Order was a *de facto* realignment of the parties, making Leonard the plaintiff and Midland the defendant as of November 29, 2010; or in the alternative issue an order, 1) realigning the parties according to their real interests, such that Midland, as the defendant, sought removal to this Court, 2) remanding the case to state court or 3) effecting such other and further relief as it deems just and proper.

Dated: January 26, 2012  
New York, New York

Respectfully submitted,

LINCOLN SQUARE LEGAL SERVICES, INC.  
*Attorneys for Elizabeth Leonard*

BY: ELIZABETH MARESCA (EM 4799)  
Fordham Law School  
33 West 60th Street, 3rd Floor  
New York, New York 10023  
Tel: (212) 636-7353  
emaresca@law.fordham.edu